IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES, *ex rel.* FERZAD ABDI, BRINGING THIS ACTION ON BEHALF OF THE UNITED STATES, and THE STATE OF ILLINOIS,<br><br>Plaintiffs,<br><br>v.<br><br>AARON JAMES ROSSI; REDITUS LABORATORIES, LLC; REDITUS HEALTHCARE, LLC; PR MANUFACTURING ENTERPRISES, LLC, D/B/A PAL HEALTH TECHNOLOGIES, LLC,<br><br>Defendants. | CASE NO. 1:22-cv-01204-SLD-JEH |

## RELATORS' OBJECTION AND MEMORANDUM TO REDITUS LABORATORIES' MOTION FOR LEAVE TO FILE REPLY BRIEF

On April 10, 2024, Plaintiff-Relator filed their Response [d/e 36] to Defendant Reditus Laboratories' Memorandum in support of its Motion to Dismiss [d/e 32]. Approximately twenty-four (24) days thereafter, Defendant moved for leave to file a Reply [d/e 37] to Plaintiff-Relator's Response. Not only was this Motion untimely filed, the attached memorandum of law in support of its Motion for Leave provides nothing more than what was previously stated in Defendant's Motion to Dismiss. As stated within the Central District of Illinois, this Court has discretion to allow a reply if "the party opposing the motion has introduced new and unexpected issues in his response and … a reply from the moving party would be helpful to [the Court's] disposition of the Motion." *Shefts v. Petrakis*, 2011 U.S. Dist. LEXIS 136538, at 32 (C.D. Ill. Nov. 29, 2011). Defendant's proposed reply brief does not identify or address any "new and unexpected issues." Instead, Defendant re-argues its original motion and continues to assert that

Plaintiff-Relator has not properly pled their causes of action. This is not helpful to the Court and accordingly, Defendant's proposed Reply should be rejected.

I.  **Defendants Motion for Leave to File a Reply is Untimely**

Plaintiff-Relator acknowledges the procedural guidelines set forth by the local rules of the Central District of Illinois. While these rules do not explicitly specify a timeframe for Defendants to seek leave to file a reply, they do outline a clear and reasonable window for responding to motions. According to C.D. Ill. Local Rule 7.1(B)(2), non-moving parties are granted a fourteen-day window from the date of filing to submit a responsive pleading.

It's essential to consider the purpose behind such rules: to ensure the efficient and timely resolution of legal matters. Allowing an indefinite period for a party to move for leave to file a reply runs counter to this objective. A reply, distinct from an initial motion, does not warrant an open-ended timeframe, as doing so would only foster unnecessary delays in the legal process. By logical extension, adherence to the fourteen-day timeframe outlined in Local Rule 7.1(B)(2) serves the interest of judicial economy. It promotes a structured and expedient progression of proceedings, thereby facilitating the swift resolution of disputes.

Therefore, it stands to reason that Defendants should be expected to adhere to this established timeframe when seeking leave to file a reply. Consequently, Defendant's recent filing in d/e 37 must be deemed untimely by implication and consequently denied to uphold the principles of fairness and efficiency within the judicial system.

II. **Defendant's Reiteration and Repeated Citations to its Own Affirmative Motion to Dismiss does not Address any "New and Unexpected Issues"**

Local Rule 7.1(B)(3) leaves no room for ambiguity: replies on non-summary judgment motions are disfavored unless explicitly permitted by the Court. The language is unequivocal: "No reply to the response is permitted without leave of Court." (C.D. Ill. Local Rule 7.1(B)(3)).

Defendant's Motion for Leave to file a Reply and its accompanying memorandum essentially mirror its initial Motion to Dismiss, merely rehashing arguments already presented. As underscored in *Shefts v. Petrakis*, "the Court does not typically permit the moving party to file a reply in order to introduce new arguments or evidence that could have been included in the motion itself, **or to rehash the arguments made in the motion**." *Shefts*, 2011 U.S. Dist. LEXIS 136538 at 32 (emphasis added).

This is not a matter of semantics but rather of procedural integrity. Defendant's bid for the last word through its proposed Reply fails to address any fresh issues and sidesteps the challenging ones, particularly those concerning its *post-hoc* interpretation of Illinois policy statements and mandates that hold no legislative weight and do not alter federal Medicaid standards. It blatantly disregards pleading standards regarding knowledge and fails to counter the constitutional response provided by Plaintiff-Relator. With respect to Counts Six and Seven, the alleged facts were responded to previously and if necessary, Plaintiff-Relator simply reincorporates what was said in the Response with respect to the other matters that were responded to therein. Despite circling back repeatedly to its critique of Plaintiff-Relator's portrayal of the three fraud schemes and other matters within its affirmative motion, Defendant's Reply offers nothing new to the court. For these compelling reasons, and those outlined herein, Defendant's Motion for Leave must be categorically denied.

III. **Defendant's Repeated Argument That Plaintiff-Relator's Claims are the Same as a Similarly Filed False Claims Action Is Misplaced and Ignores Previous Pleadings in Front of this Court**

Defendant's persistence in reiterating arguments already presented in its initial Motion, while neglecting to address any new points raised by Plaintiff-Relator, is both concerning and unproductive. Particularly egregious is Defendant's assertion regarding the existence of

overlapping claims with respect to the LaGatta Action, a claim that has been decisively refuted. Plaintiff-Relator has painstakingly detailed the overlapping claims in paragraph fourteen of d/e 28, clearly delineating how these have been resolved by their removal from the First Amended Complaint. It is disconcerting that Defendant chooses to disregard this crucial acknowledgment made by Plaintiff-Relator before the Court.

Contrary to Defendant's flawed logic, simply regurgitating arguments related to what is now a non-issue does not warrant the Court's approval for filing a Reply. By failing to engage with the evolving landscape of the case and persisting in presenting stale arguments, Defendant undermines the integrity of the judicial process and impedes the pursuit of justice. In light of these undeniable facts and the need to uphold the principles of fairness and efficiency in legal proceedings, Defendant's Motion for Leave to file a Reply must be firmly denied.

**IV.     Defendant's Heightened Pleading Standard Does Not Apply to Knowledge**

Defendant's persistent insistence on reiterating its erroneous interpretation of the law regarding pleading standards is also unproductive. Despite Plaintiff-Relator's comprehensive rebuttal in their Response, Defendant continues to assert that the heightened pleading standards for fraud under FRCP 9(b) apply equally to pleading knowledge. *See, U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d at 855 (7th Cir. 2009). Plaintiff-Relator has plead substantial evidence, notably highlighted in paragraph 106 of their First Amended Complaint, to refute Defendant's flawed interpretation. It is imperative that this evidence be duly considered by the Court in its analysis of the pending Motion to Dismiss.

Defendant has made no genuine attempt to engage with Plaintiff-Relator's well-founded assertion regarding pleading knowledge. By persisting in repeating its incorrect understanding of the law, Defendant not only obstructs the judicial process but also clouds this Court's ability to

4

come to a resolution. In the interest of upholding the integrity of legal proceedings and ensuring that justice prevails, it is imperative that Defendant's misguided assertions be disregarded. The Court must rely on the facts and legal arguments presented by Plaintiff-Relator, rather than being misled by Defendant's baseless repetition of flawed interpretations. Therefore, it is abundantly clear that Defendant's Motion to Dismiss is not warranted and should be denied. The Court must compel Defendant to engage in a substantive discussion of the legal issues at hand, rather than allowing it to continue its fruitless repetition of misinterpretations.

**IV.     Conclusion**

The Defendant's attempt to file a reply twenty-four (24) days after Plaintiff-Relator submitted their Response is not only egregiously untimely but also fails to serve the interests of judicial efficiency. Instead of aiding the Court in conserving valuable resources, this belated filing only serves to prolong the decision-making process unnecessarily. Moreover, the Defendant has provided no compelling rationale for the tardiness of its Reply. Its Motion and accompanying Memorandum merely rehash arguments already presented in its initial Motion to Dismiss. By persisting in regurgitating misrepresentations regarding pleading standards, non-binding policy statements, and a Supreme Court dissent lacking precedential value, the Defendant does nothing to advance the substantive merits of its case.

In light of these glaring deficiencies, it is abundantly clear that the Defendant's Motion for Leave to file a Reply should be summarily denied. Such unwarranted delays and repetitive submissions only serve to impede the efficient administration of justice and detract from the Court's ability to render a timely and well-informed decision. Therefore, in the interest of expeditiously resolving this matter and upholding the integrity of the legal process, the Court

must reject the Defendant's motion without hesitation.

Respectfully submitted,

s/*Timothy Keller*
Timothy Keller
Illinois Bar No. 6225309
ASCHEMANN KELLER LLC
300 North Monroe Street
Marion, Illinois 62959-2326
Telephone: (618) 998-9988
Facsimile: (618) 993-2565
E-Mail: tkeller@quitamlaw.org
Co-Counsel for Plaintiff-Relator

Louis J. Cohen
California Bar #123968
Louis J. Cohen, a Prof. Corp.
28720 Roadside Drive, Suite 273
Agoura Hills, CA 91301
California Bar #123968
Telephone: (818) 889-5777
Facsimile: (818) 991-6999
Email: louis@louiscohenlaw.com
Lead Counsel for Plaintiff-Relator

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2024, I electronically filed the foregoing with the Clerk of the Court for the Central District of Illinois via the Court's Case Management/Electronic Case Filing ("CM/ECF") system pursuant to Local Rule 5.4(c). Participants in the case who are registered CM/ECF users which include counsel of record for Defendants were served electronically at the time of filing.

**Dated**: May 17, 2024

/s/*Timothy Keller*
Timothy Keller
*Co-Counsel for Plaintiffs-Relators*
